RICKY B. AND KATHY L. ENGLES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Engles v. Commissioner
Docket No. 30857-87
United States Tax Court
T.C. Memo 1990-170; 1990 Tax Ct. Memo LEXIS 196; 59 T.C.M. (CCH) 283; T.C.M. (RIA) 90170; March 29, 1990
Ricky B. Engles, pro se. John L. Simpson, for the respondent. GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: Respondent, in a statutory notice of deficiency, determined a $ 20,211.38 income tax deficiency for petitioners' 1982 taxable year. Respondent now concedes that, if his determination is otherwise correct, the deficiency for petitioners' 1982 taxable year should be in the reduced amount of $ 19,971.22. The deficiency is solely attributable to respondent's determination that investment tax credit should be recaptured with respect to certain business machinery. FINDINGS OF FACT The parties entered into a stipulation of facts, along with exhibits, which are incorporated by this reference. Ricky B. (petitioner, when used in the singular, shall refer to Ricky B. Engles) and Kathy L. Engles (petitioners) were residents of Tulsa, Oklahoma, at the time their petition was filed in this case. Petitioner and Jerry Moudy (Moudy), in 1979 or 1980, formed a partnership named Moudy & Engles Manufacturing Company, which manufactured machine tools. Petitioners claimed investment tax credit (ITC) of $ 19,971.22 for *198 their 1981 taxable year. The ITC was for machinery purchased by the partnership machine tool business and was claimed under section 38. In January 1982 the partnership was incorporated. Petitioner and Moudy each owned 50 percent of the common stock of the corporation. The machine tools were being manufactured for the oil and gas industry. During the first quarter of 1982, a depressed oil and gas industry caused a severe downturn in the corporation's revenues. During September 1982 petitioner sold all of his shares in the corporation and began looking for other means to earn a living. The corporation was dormant beginning November 1982, and had no sales for November or December 1982. Petitioners filed a bankruptcy petition on March 24, 1983. The bankruptcy trustee did not list the shares in the corporation or the section 38 property as assets of petitioners-bankrupts' estate. The section 38 property was shown as repossessed in September 1982 in the bankruptcy papers. Petitioners' bankruptcy was a "no asset" estate and no distribution was made to creditors. Petitioners, on their 1982 Federal income tax return, did not recapture the ITC which had been claimed on their 1981 *199 return. OPINION The issue posed by the parties is whether petitioners, the corporation, or their bankrupt estate is responsible for the investment credit recapture connected with the cessation of the corporate business and eventual repossession of "section 38 property" by creditors. Complicating this situation are the transfer of the machinery to a corporate entity after the ITC was claimed by the partners individually and the eventual bankruptcy of petitioners. Section 38 [1] provides for ITC for certain qualified property. To some extent, the amount of the credit and its availability are dependent upon the useful life of the qualified property. See sec. 46. If, however, the property is "disposed of" prior to the end of its useful life or it otherwise ceases to be section 38 property, the credit may be recaptured. Sec. 47(a)(1). Section 47(a)(1), in pertinent part, contains the following language: Early disposition, etc. -- If during any taxable year any property is disposed of, or otherwise ceases to be section 38 property with respect to the taxpayer, before the close of the useful life which was taken into account in computing the credit under section 38, then the tax *200 under this chapter for such taxable year shall be increased by an amount equal to * * *. Respondent argues that the property ceased to be section 38 property prior to the end of 1982 and was not a part of the bankruptcy estate. Before we can reach what appears to be essentially a factual determination, we must consider the legal implications of each transaction or event involving the property from the time of its acquisition until petitioners' bankruptcy. Subsequent to claiming part of the ITC while in the status of partner, petitioner and his partner incorporated their partnership business, and assets, including the section 38 property, were transferred from the partnership to the corporation. We must consider whether the transfer of the section 38 property to a corporation results in recapture of the ITC. Section 47(b), in pertinent part, provides as follows: For purposes of subsection (a), property shall not be treated as ceasing to be section 38 property with respect to the taxpayer by reason of a mere change in the form of conducting the trade *201 or business so long as the property is retained in such trade or business as section 38 property and the taxpayer retains a substantial interest in such trade or business. Section 1.47-3(f)(1)(ii), Income Tax Regs., includes four requirements that must be met to qualify under section 47(b). [2] There is no controversy in this case concerning whether the transfer to the corporation by petitioner and his partner qualified under section 47(b). [3] In cases with substantially similar facts, we held that individuals who transferred their assets to a corporation qualified under section 47(b). Borgic v. Commissioner, 86 T.C. 643, 648-650 (1986); Aboussie v. Commissioner, 60 T.C. 549, 553-557 (1973), affd. without published opinion 504 F.2d 758 (5th Cir. 1974); see also Battaglia v. Commissioner, T.C. Memo. 1981-451. Accordingly, we hold here that the transfer of assets and continuation of the same business in corporate form was merely a change in the form of conducting the business. That being the case, no recapture of the ITC would arise because of the incorporation. *202 The next logical step in this progression would be to determine alternatively whether there would be ITC recapture in the event of cessation of use by the corporation and/or at the time petitioner sold his interest in the corporation which held and used the section 38 property. Section 1.47-3(f)(5)(i), Income Tax Regs., [4] covers situations where a transferee of section 38 property (who received the property in a transfer that did not result in recapture) disposes of or ceases using the property. In such situations, the transferor becomes liable for the recapture of the ITC in the year of disposition or cessation of use. Although given adequate time to do so, petitioners failed to file briefs in this matter. Respondent, on brief, argues in support of ITC recapture by petitioners that the property ceased being *203 section 38 property due either to petitioner's disposition or sale of his interest in the corporation during 1982 or the abandonment by the corporation during 1982. We have factually found that petitioners did not own the section 38 property at the time of their bankruptcy filing and, further, that the property had been repossessed by creditors during 1982. Moreover, petitioner sold his shares in the corporation during September 1982, thereby terminating his interest in the corporation. Considering the facts of this case, we need not focus upon any aspect other than petitioner's sale of his corporate interest during September 1982. That event triggers recapture of the ITC. Aboussie v. Commissioner, supra at 553-554; sec. 1.47-3(f)(5)(ii), Income Tax Regs.
Because petitioner's termination of his interest in the corporation results in recapture, we need not consider [5] whether the corporation or petitioners' bankruptcy estate would be responsible for recapture. Clearly, petitioners' bankruptcy estate did not play a role in connection with the section 38 property. *204 We hold that petitioners are liable for recapture of the ITC in their 1982 taxable year. To reflect the foregoing, Decision will be entered for the respondent in the reduced amount to reflect his partial concession. Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year in issue.↩
2. Sec. 1.47-3(f)(1)(ii), Income Tax Regs., sets forth the following requirements to qualify as "a mere change in the form of conducting the trade or business": (a) The section 38 property * * * is retained as section 38 property in the same trade or business, (b) The transferor * * * of such section 38 property retains a substantial interest in such trade or business, (c) Substantially all the assets (whether or not section 38 property) necessary to operate such trade or business are transferred to the transferee to whom such section 38 property is transferred, and (d) The basis of such section 38 property in the hands of the transferee is determined in whole or in part by reference to the basis of such section 38 property in the hands of the transferor. ↩
3. For example, the parties have not discussed whether the transfer of the partnership interests and/or assets resulted in a termination of the partnership under sec. 708 or whether the basis of the machinery would be the same in the hands of the transferee as it had been in the hands of the transferor. This note is not intended to suggest that such issues should have been raised, but rather to reflect that we assume that the failure of the parties to address these points is intentional. Accordingly, there is no need for us to consider whether the transaction met the four requirements of sec. 1.47-3(f)(1)(ii), Income Tax Regs.↩, or to consider any other issue(s) which the facts in this case may have suggested.
4. Sec. 1.47-3(f)(5)(i), Income Tax Regs., contains, in pertinent part, the following provisions: If section 38 property * * * is disposed of by the transferee, or otherwise ceases to be section 38 property with respect to the transferee, * * * then under paragraph (a) of § 1.47-1 such property ceases to be section 38 property with respect to the transferor * * *.↩
5. See however, Moudy v. Commissioner, T.C. Memo. 1990-169↩, involving petitioner's former partner and the other 50-percent shareholder of the corporation, where we considered these questions and held that the Moudys were required to recapture the ITC even though their bankruptcy began in 1982 and the corporate shares were listed as an asset of the bankrupts' estate.